IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL SOTO,<br><br>                    Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC; NELSON<br>& KENNARD, ATTORNEYS AT<br>LAW; RESURGENT CAPITAL<br>SERVICES, L.P.; and DATA SEARCH<br>NY, INC. d/b/a TRAKAMERICA,<br><br><br>                    Defendants. | Civil No. 1:23-cv-00181-DKW-KJM<br><br>**MEMORANDUM IN SUPPORT OF<br>MOTION** |

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................1

II. RELEVANT FACTUAL AND PROCEDURAL HISTORY ..............................2

   A. Plaintiff's Second Amended Complaint ....................................................... 2

   B. Material Facts ................................................................................................ 4

III. ARGUMENT ....................................................................................................6

   A. Legal Standard .............................................................................................. 6

   B. Trak Is Entitled to Summary Judgment on All UDAP Claims ....................7

      1. Trak Did Not Participate In Any Debt Collection Activity .........................7

      2. The Garnishment Was Legal ....................................................................10

   C. Trak Is Entitled to Summary Judgment on All FDCPA Claims ............................ 10

      1. Trak Is Not a "Debt Collector" Under the FDCPA ...................................11

      2. Trak Did Not Engage in Debt Collection....................................................12

      3. Taking Legal Action to Collect a Debt Based on Mistaken Identity Is Not an FDCPA Violation as a Matter of Law ...................................................12

   D. Trak Is Entitled to Summary Judgment on Plaintiff's Invasion of Privacy Claim... 15

IV. CONCLUSION....................................................................................................18

# TABLE OF AUTHORITIES

## Cases

*Abromson v. Am. Pac. Corp.*,
   114 F.3d 898 (9th Cir. 1997) ...................................................................7

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)..............................................................................7

*Araki v. Bank of Am.*,
   No. CIV 10-00103 JMS/KSC, 2010 WL 5625970 (D. Haw. Dec. 14, 2010)........9

*Araki v. One W. Bank FSB*,
   No. CIV 10-00103 JMS/KSC, 2010 WL 5625969 (D. Haw. Sept. 8, 2010) ........9

*Blauer v. Zucker, Goldberg, & Ackerman, LLC*,
   No. CIV. 09-934-SLR, 2011 WL 1113280 (D. Del. Mar. 24, 2011) ..................15

*Bleich v. Revenue Maximization Grp., Inc.*,
   233 F. Supp. 2d 496 (E.D.N.Y. 2002) ...................................................14

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986).........................................................................6, 7

*Chung v. McCabe Hamilton & Renny Co.*,
   109 Hawaiʻi 520, 534 (2006) ...............................................................16

*Devereaux v. Abbey*,
   263 F.3d 1070 (9th Cir. 2001) ...............................................................6

*Fairbank v. Wunderman Cato Johnson*,
   212 F.3d 528 (9th Cir. 2000) ..............................................................6, 7

*Farmer ex rel. Keomalu v. Hickam Fed. Credit Union*,
   122 Hawaiʻi 201, 224 P.3d 455, 2010 WL 466007 (Ct. App. 2010) ............ 16, 17

*Gonzalez v. Erskine*,
   No. 08-20893, 2008 WL 6822207 (S.D. Fla. Aug. 7, 2008)...............................15

*Gurrobat v. HTH Corp.*,
   133 Hawaiʻi 1, 323 P.3d 792 (2014) ........................................... 8, 10

*Hedayati v. Perry L. Firm*,
  SACV160846DOCDFMX, 2017 WL 4864491 (C.D. Cal. Oct. 27, 2017)... 13, 14

*Heintz v. Jenkins*,
  514 U.S. 291 (1995) ........................................................................... 11

*Huy Thanh Vo v. Nelson & Kennard*,
  931 F. Supp. 2d 1080, 1095 (E.D. Cal. 2013) ......................... 12, 13, 14

*Lujan v. Nat'l Wildlife Fed'n*,
  497 U.S. 871 (1990) ............................................................................. 7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986) ............................................................................. 7

*Reed v. AFNI, Inc.*,
  No. 2:09-CV-459 TS, 2011 WL 112430 (D. Utah Jan. 13, 2011) ...................... 14

*Schlegel v. Wells Fargo Bank, NA*,
  720 F.3d 1204 (9th Cir. 2013) .......................................................... 11

*Skaggs v. HSBC Bank USA, N.A.*,
  No. CIV 10-00247 JMS, 2011 WL 3861373 (D. Haw. Aug. 31, 2011) ......... 9, 13

*State v. Willis*,
  150 Hawai'i 235, 500 P.3d 420 (2021) ............................................. 16

*State Farm & Cas. Co. v. Willison*,
  833 F. Supp. 2d 1200 (D. Haw. 2011)................................................. 7

*State v. Mallan*,
  86 Haw. 440, 950 P.2d 178 (1998)..................................................... 16

**Statutes**

15 U.S.C. § 1692................................................................ 2, 10, 11, 12

Haw. Const. Art. 1 ............................................................... 15, 16

Haw. Rev. Stat. § 480-2 ..............................................................2, 7

Haw. Rev. Stat. § 443B-15 ...............................................................8

Haw. Rev. Stat. § 443B-17(1) .......................................................................8

Haw. Rev. Stat. § 443B-18 ...........................................................................8

Haw. Rev. Stat. § 443B-20 ...........................................................................8

**Rules**

FRCP Rules 56 .......................................................................................6, 7

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Michael Soto ("***Plaintiff***") is attempting to hold Defendants LVNV Funding, LLC ("***LVNV***"), Resurgent Capital Services, L.P. ("***Resurgent***"), Nelson & Kennard, Attorneys at Law ("***N&K***"); and Data Search NY Inc. d/b/a TRAKAmerica ("***Trak***") liable for a non-actionable case of mistaken identity regarding a garnishment notice issued to Plaintiff's employer.  Specifically, LVNV obtained a default judgment against a debtor named Michael Soto, a Hawai'i resident and debtor with a social security number ending in -4238 ("***Debtor***" or "***Debtor Michael Soto***") for an unpaid debt of approximately $1,000.  There is no dispute that the judgment is valid, or that Debtor Michael Soto owes the debt at issue.

After Plaintiff's employer verified – incorrectly – that Michael Soto with social security number ending in -4238 was an employee, N&K served a garnishment notice on Plaintiff's employer.  The notice identified the Debtor and the last four digits of Debtor's social security number (4238).  Despite immediately recognizing that the social security number on the garnishment did not belong to him, and despite immediately confirming with his employer that the garnishment did not pertain to him, Plaintiff alleges that he was damaged both financially and emotionally in an undisclosed amount.  (Second Amended Complaint ("***SAC***"), ¶¶ 80-82, 104-106.)

Based on these allegations, Plaintiff alleges the following claims: (1) violations of Hawaiʻi's unfair or deceptive acts and practices law, Haw. Rev. Stat. § 480-2, *et seq.* ("***UDAP***"), which is further broken down into sub-claims for "threats or coercion," "unreasonable publication," and "false or misleading representations;" (2) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("***FDCPA***"); and (3) invasion of privacy.

On January 11, 2024, Plaintiff amended his complaint to add Trak as a Defendant.  Dkt. 45.  The Second Amended Complaint, however, is devoid of any specific factual allegations against Trak and Plaintiff confirmed in his deposition that he has no real knowledge of Trak.  Indeed, the undeniable facts establish that Trak never communicated with Plaintiff, never communicated with Plaintiff's employer, does not engage in collection activities, and had no involvement with the inclusion of Plaintiff's employment information in the garnishment notice served on Plaintiff's employer.  Accordingly, all claims against Trak must be dismissed and judgment entered in Trak's favor.

## II.  RELEVANT FACTUAL AND PROCEDURAL HISTORY

### A.  Plaintiff's Second Amended Complaint

Plaintiff filed a complaint in the First Circuit Court of the State of Hawaii ("***State Court***") on February 6, 2023, naming LVNV and N&K as defendants. Plaintiff filed an Amended Complaint on April 10, 2023.  On April 19, 2023, the case was removed to this Court from the State Court.  Dkt. 1.

2

Plaintiff filed the SAC on January 11, 2024, adding Resurgent and Trak as named defendants.  Dkt. 45.  Plaintiff's claims in the SAC, broken down into separately numbered violations, are summarized as follows:

**Count One** (UDAP):

1. *Threats or Coercion*:  Plaintiff alleges that Defendants "made false accusations to … Plaintiff's employer, that he has not paid a just debt" and that such accusations "caused Plaintiff harm at his place of employment."  (SAC, ¶¶ 84-86.)

2. *Unreasonable Publication*:  Plaintiff alleges that Defendants "communicated information relating to the indebtedness of Plaintiff to Plaintiff's employer, causing him harm."  (SAC, ¶¶ 87-88.)

3. *False or Misleading Representations*:  Plaintiff alleges that Defendants "demanded amounts from Plaintiff that he did not owe," "made false representations of a claim against Plaintiff," and "deceived and/or misled Plaintiff about owing" the subject account. (SAC, ¶¶ 89-93.)

**Count Two** (FDCPA):

1. *False or Misleading Representations*:  Plaintiff alleges that "Defendants demanded payment of a debt that was not owed by Plaintiff."  (SAC, ¶¶ 94-96.)

2. *False or Misleading Representations*:  Plaintiff alleges that "Defendants made false, deceptive, or misleading representations … by demanding payment from someone who never owed the debt" and "engaged in a false and deceptive practice … by attempting to garnish from someone who did not owe the debt."  (SAC, ¶¶ 97-100.)

**Count Three** ("Invasion of Privacy"):

Plaintiff alleges that "Defendants communicated to Plaintiff's employer that he owed a debt which he never owed," which was "an invasion of [Plaintiff's] right to privacy" and an "intrusion upon Plaintiff's seclusion."  (SAC, ¶¶ 101-106.)

As set forth herein, each of these claims against Trak fail as a matter of law.

**B.    Material Facts**

The underlying debt is a credit card account ("***Account***") originally opened with Credit One Bank by Debtor Michael Soto.  (Trak's Concise Statement of Facts ("***CSF***"), No. 4)[1]  The Account is currently owned by LVNV.  (CSF No. 5.)

Trak provides account management services to its clients – primarily financial institutions and debt buyers.  (CSF No. 1.)  One such service is to refer its clients' consumer accounts to the law firms.  (CSF No. 1.)  Resurgent is a Trak client and Trak provides account management services to Resurgent.  (CSF No. 7.)  In response to a request by Resurgent for a law firm to assist LVNV[2] with the Account, Trak forwarded the Account to N&K for handling.  (CSF No. 7.)

N&K filed a small claims case on LVNV's behalf entitled *LVNV Funding, LLC v. Michael Soto*, Hawai'i District Court Case No. 1DSC-20-0002685 ("***Collection Action***") and, on or about April 14, 2021, a default judgment ("***Judgment***") was entered in the Collection Action against Debtor Michael Soto for $1,073.63.  (CSF No. 8.)

On or about June 8, 2022, Resurgent requested from RNN Group Inc. ("***RNN***") a Verified Place of Employment ("***VPOE***") for Debtor Michael Soto.  (CSF

---

[1] Trak respectfully requests the Court take judicial notice of Exhibits B and C attached to the CSF, and has concurrently filed a Request for Judicial Notice as to the same.

[2] Resurgent is the Master Servicer of LVNV and manages the accounts owned by LVNV.  (CSF No. 6.)

No. 9.)  RNN identified Raising the Standard Consulting (USA), Inc. ("***RTSC***"), as a possible employer in Honolulu, Hawaiʻi, called RTSC at 808-426-3464 on June 28, 2022 and spoke with Stanford Brown, President of RTSC, to inquire if Michael Soto, with a social security number ending in 4238 was an employee of RTSC.  (CSF No. 10.)  Mr. Brown confirmed that Michael Soto, with social security number ending in 4238, was an employee of RTSC.  (CSF No. 11.)  RNN provided the VPOE information to Resurgent on or about June 29, 2022.  (CSF No. 11.)

After receiving the results of the VPOE from RNN for Debtor Michael Soto, Resurgent provided the employer information to N&K.  (CSF No. 12.)  On August 9, 2022, N&K filed a Declaration of Judgment Creditor for Garnishment of Wages ("***Garnishment***") on behalf of LVNV in the Collection Action, and subsequently served the Garnishment notice on Plaintiff's employer.  (CSF No. 13.)  Trak had no involvement in preparing, filing, or serving the Garnishment.  (CSF Nos. 20.)  In fact, Trak only learned of the results of the employment verification process for Debtor Michael Soto (which resulted in the Garnishment being served on Plaintiff's employer) through its communication with Resurgent.  (CSF No. 19.)

In addition, Trak has never communicated with either Plaintiff or Plaintiff's employer.  (CSF Nos. 17-18.)  Indeed, Trak does not initiate contact with consumers, either through written, verbal, email, or text communications.  (CSF No. 2.)  Trak

does not provide legal services or participate in debt collection attempts – including any debt collection attempts made to collect on the Account.  (CSF Nos. 3, 20.)

## III.   ARGUMENT

### A.   Legal Standard

Summary judgment should be granted where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rules of Civil Procedure ("***FRCP***") Rule 56(a).  The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the nonmoving party seeks judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  However, "[w]hen the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'"  *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (citing *Celotex Corp.*, 477 U.S. at 325).  The moving party does not need evidence negating or disproving every essential element of the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325.  Instead, the moving party must merely "point[] out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000) (citing *Celotex Corp.*, 477 U.S. at 325).

If the moving party meets its initial burden, "Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify facts which show a

genuine issue for trial." *Id.  See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); FRCP Rules 56(c) and (e).  Thus, the nonmoving party cannot simply reply on the pleadings and must do more than make conclusory allegations in an affidavit.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Celotex Corp.*, 477 U.S. at 324.  If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted in the moving party's favor.  *Celotex Corp.*, 477 U.S. at 322.  *See also Abromson v. Am. Pac. Corp.*, 114 F.3d 898, 902 (9th Cir. 1997).

When deciding a motion for summary judgment, any inferences that may be drawn from the underlying facts must be viewed in the light most favorable to the opposing party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  However, summary judgment for the moving party should be granted when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue.  *Id.*  The claim(s) cannot survive on mere allegations or denials.  *See State Farm & Cas. Co. v. Willison*, 833 F. Supp. 2d 1200, 1209 (D. Haw. 2011).

**B.    Trak Is Entitled to Summary Judgment on All UDAP Claims**

   **1.    *Trak Did Not Participate In Any Debt Collection Activity***

Hawaiʻi's UDAP prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce."  Haw. Rev. Stat. § 480-2(a).  To recover under UDAP, a plaintiff must generally prove: (1) a violation; (2) an injury to the plaintiff's

7

business or property caused by the defendant's illegal conduct; and (3) damages. *Gurrobat v. HTH Corp.*, 133 Hawai'i 1, 21, 323 P.3d 792, 812 (2014). Any violation of Section 443B of the Hawai'i Revised Statutes is actionable under the UDAP. *See* Haw. Rev. Stat. § 443B-20.

Here, Plaintiff has alleged violations of Sections 443B-15, 44B-17, and 443B-18(5) against Trak. Section 443B-15 prohibits debt collection by means of "any threat, coercion, or attempt to coerce," and expressly bars five iterations of such conduct. Haw. Rev. Stat. § 443B-15. Section 443B-17 prohibits "unreasonably" publicizing "information relating to any alleged indebtedness or debtor," including "communication of any false information relating to the indebtedness of a debtor … to any employer." Haw. Rev. Stat. § 443B-17(1). And Section 18 prohibits the "use [of] any fraudulent, deceptive, or misleading representation or means" to collect a debt and includes nine types of representations that are expressly prohibited. Haw. Rev. Stat. § 443B-18.

Plaintiff cannot establish that Trak violated any of these provisions. As an initial matter, Trak did not, and does not, participate in any efforts to collect debts from consumers, dooming each and every one of Plaintiff's UDAP claims. (CSF Nos. 3 & 20.)

In addition, Trak could not have possibly used coercion or made any type of representation to Plaintiff, because Trak *has never communicated with Plaintiff*.

8

(CSF No. 17.)  Trak merely connected LVNV with N&K to act as LVNV's counsel in Hawaiʻi.  (CSF No. 7.)  Accordingly, Plaintiff's Section 443B-15 and 443B-18 claims necessarily fail.

Likewise, Plaintiff's Section 443B-17 claim fails because Trak did not publicize any information about Plaintiff to his employer; indeed, Trak has never communicated with Plaintiff's employer.  (CSF No. 18.)  Thus, Plaintiff cannot possibly establish that Trak engaged in any conduct that would be actionable under the UDAP.

Moreover, Trak cannot be held liable under UDAP for the conduct of a separate party.  Hawaiʻi's UDAP statute "provides for a cause of action against a 'person, firm, company, association or corporation' *that actually committed* an unfair and deceptive trade practice."  *Araki v. Bank of Am.*, No. CIV 10-00103 JMS/KSC, 2010 WL 5625970, at *6 (D. Haw. Dec. 14, 2010) (emphasis added).  There is no vicarious liability under UDAP for parties not involved in the allegedly wrongful conduct.  *See, e.g.*, *Araki v. One W. Bank FSB*, No. CIV 10-00103 JMS/KSC, 2010 WL 5625969, at *8 (D. Haw. Sept. 8, 2010); *Skaggs v. HSBC Bank USA, N.A.*, No. CIV 10-00247 JMS, 2011 WL 3861373, at *6-8 (D. Haw. Aug. 31, 2011) (dismissing UDAP claims for failing to allege any misconduct against defendant).

Plaintiff's UDAP claims against Trak necessarily fail, and Trak is entitled to summary judgment.

### 2.    *The Garnishment Was Legal*

The Garnishment submitted to Plaintiff's employer by N&K was based on the Judgment LVNV obtained against Debtor Michael Soto.  (CSF Nos. 8, 13.)  All of the information in the Garnishment was accurate, and Plaintiff does not allege otherwise.  (CSF No. 13.)  There was no threat or coercion, and no false, deceptive, or misleading representation – in fact, Plaintiff immediately knew that the Garnishment did not pertain to him.  (CSF Nos. 14-16.)

In short, the Garnishment was a wholly legal attempt to enforce LVNV's Judgment against Debtor Michael Soto.  The fact that Plaintiff later turned out to be the wrong "Michael Soto" (based on an erroneous confirmation provided by Plaintiff's employer (CSF Nos. 9-12)) does not transform an otherwise legal collection attempt into a violation of § 443B.  *See Gurrobat*, 133 Hawaiʻi at 21 (recovery under UDAP requires illegal conduct by the defendant).

### C.    **Trak Is Entitled to Summary Judgment on All FDCPA Claims**

Congress passed the FDCPA to "eliminate abusive debt collection practices …"  *See* 15 U.S.C. § 1692e.  Thus, for example, the FDCPA contains provisions prohibiting harassment, as well as "any false, deceptive, or misleading representation" in connection with the collection of a debt.  15 U.S.C. §§ 1692d, 1692e.  Here, Plaintiff specifically brings claims under Sections 1692e, 1692e(2). 1692e(10), and 1692f.

### 1. *Trak Is Not a "Debt Collector" Under the FDCPA*

As a threshold matter, the FDCPA "appl[ies] only to debt collectors." *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013); *see also Heintz v. Jenkins*, 514 U.S. 291, 294 (1995) (defendant to an FDCPA claim must be a "debt collector" as defined by the statute). The statute includes two alternative definitions of a "debt collector," including:

> (1) Any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" (the "principal purpose" definition); and

> (2) Any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" (the "regularly collects" definition).

15 U.S.C. § 1692a(6).

Trak is not a "debt collector" under either definition. Trak does not have a principal business purpose of collecting debts. In fact, Trak does not collect debts at all. (CSF No. 3.) Rather, Trak provides "back office" account management services, as well as referrals to law firms and collection agencies. (CSF No. 1.) Trak does not "regularly" attempt to collect debts; the opposite is true as it never does so. Trak does not initiate contact with consumers for any reason, nor does it otherwise participate in debt collection attempts. (CSF Nos. 2-3.)

Consequently, Plaintiff's FDCPA claims fail at the outset because Trak is not a debt collector under the FDCPA.

### 2.      *Trak Did Not Engage in Debt Collection*

In addition, the FDCPA prohibits debt collectors from using false, deceptive, or misleading representations *in connection with the collection of any debt*.  15 U.S.C. § 1692e.  It also prohibits debt collectors from using unfair or unconscionable means *to collect or attempt to collect a debt*.  15 U.S.C. § 1692f.

Thus, Plaintiff's claim further fails because, again, Trak does not participate in debt collection activities, did not make any representation regarding the collection of any debt, and Trak took no actions to collect a debt from Plaintiff (or from Debtor Michael Soto).  (CSF Nos. 2-3, 17-20.)  Moreover, to the extent that Plaintiff's claims are based solely on the Garnishment, Trak did not play any role in preparing, filing, or serving the Garnishment.  (CSF No. 20.)  Trak's role was limited to connecting Resurgent to N&K.  (CSF No. 7.)

### 3.      *Taking Legal Action to Collect a Debt Based on Mistaken Identity Is Not an FDCPA Violation as a Matter of Law*

Plaintiff's FDCPA claim fails for the additional reason that courts across the federal circuits – including in the Ninth Circuit – have held that mistaken attempts to collect a debt against the wrong person do not violate the FDCPA.  For example, in *Huy Thanh Vo v. Nelson & Kennard*, 931 F. Supp. 2d 1080, 1095 (E.D. Cal. 2013), the Eastern District of California refused to find an FDCPA violation where the "defendants sued [the plaintiff], took his default, and placed a lien on his property" based on their "mistaken belief that he owed the subject debt," when it really

belonged to his brother.  The court reasoned that because the lawsuit would have

been proper if filed against the right person, there was no FDCPA violation:

> Plaintiff does not allege that defendants sued him, took his default, and
> placed a lien on his property for reasons other than a mistaken belief
> that he owed the subject debt.  If defendants had sued the right party,
> these would have been legal means to collect on a debt. As such, absent
> other facts, they cannot be interpreted as steps taken to harass, oppress,
> or abuse plaintiff.

*Id.*  Accordingly, the court found no violation of the FDCPA.

Similarly, in *Hedayati v. Perry L. Firm*, SACV160846DOCDFMX, 2017 WL

4864491 (C.D. Cal. Oct. 27, 2017) the defendant "targeted" the plaintiff with a debt

collection lawsuit, "mistakenly believing [him] to be debtor 'Mohammad Hedayati,'

who was actually [his] brother."  *Id*. at *1.  The Central District of California held

that the defendant nonetheless did not use any "'false representations or deceptive

means' in violation of the FDCPA when it attempted to collect Mohammad

Hedayati's debt."  *Id.* at *8.  As part of its analysis, the court applied the Ninth

Circuit's least sophisticated debtor standard and found that the plaintiff knew

immediately that the debt was not his:

> Even the least sophisticated debtor knows his own address and can
> understand that, if he receives debt collection notices that list an address
> he doesn't recognize and a name similar to his own, that the debt
> collector likely has the wrong individual.  In fact, that is exactly what
> happened in this case—as soon as Plaintiff saw the Corkwood Property
> listed on documents, he knew that he did not owe the debt and that
> Defendant was targeting the wrong individual.

*Id.* at *7 (emphasis added).  Thus, the *Hedayati* court found no FDCPA violation even though the defendant "continued to target Plaintiff with its debt collection efforts even after Plaintiff notified Defendant that he was not the debtor." *Id.* at *8.

These cases are factually almost identical to Plaintiff's claims in this action. As in *Huy Thanh Vo* and *Hedayati*, Plaintiff's only allegation supporting his FDCPA claim is that the Garnishment was mistakenly submitted to his employer, when the debt is actually owed by another "Michael Soto," which Plaintiff has observed is a common name in Hawaiʻi.  (CSF No. 16.)   As in *Hedayati*, as soon as Plaintiff reviewed the Garnishment, he knew that he did not owe the debt and that the Garnishment had been served on the wrong employer.  (CSF Nos. 14-16.)  There is no allegation that the Garnishment (or underlying Judgment) was otherwise improper.  Given these facts, the courts' holdings in *Huy Thanh Vo* and *Hedayati* are dispositive:  there is no FDCPA violation here as a matter of law.

Moreover, courts across jurisdictions have also repeatedly held that mistakenly attempting to collect a debt from the wrong person is not an FDCPA violation.  *See Bleich v. Revenue Maximization Grp., Inc.*, 233 F. Supp. 2d 496, 500 (E.D.N.Y. 2002) (An "allegation that the debt sought to be collected is not owed, standing alone, cannot form a basis for a 'false and misleading' practices claim under the FDCPA."); *Reed v. AFNI, Inc.*, No. 2:09-CV-459 TS, 2011 WL 112430, at *2 (D. Utah Jan. 13, 2011) (rejecting claim that the defendant "violated the FDCPA by

14

merely seeking to collect on a debt Plaintiff allegedly did not owe"); *Gonzalez v. Erskine*, No. 08-20893, 2008 WL 6822207, at *3 (S.D. Fla. Aug. 7, 2008) (dismissing FDCPA claim and holding that the defendant's mere filing of a lawsuit in good faith to collect a debt was not a violation of the FDCPA, even where the target of the lawsuit did not actually owe the debt and the defendant took no steps to verify the debt's validity); *Blauer v. Zucker, Goldberg, & Ackerman, LLC*, No. CIV. 09-934-SLR, 2011 WL 1113280, at *3 (D. Del. Mar. 24, 2011) (debtor's father, with same last name as debtor's husband failed to state an FDCPA claim because he "knew he did not owe a debt to the creditor and 'is not and never was a borrower under the mortgage instrument' for his daughter's New Jersey property.").

Thus, Plaintiff's FDCPA claims additionally fail because the Garnishment did not violate the FDCPA as a matter of law.

### D.    Trak Is Entitled to Summary Judgment on Plaintiff's Invasion of Privacy Claim

Plaintiff's invasion of privacy claim is based on Article I, Section 7 of the Hawai'i Constitution.  (SAC, ¶ 101: "Defendants' conduct of demanding payment from Plaintiff's employer and asserting that Plaintiff owes a debt is a violation of the Hawaii State Constitution's right to privacy.  Haw. Const. Art. 1, Sec. 7 (1978).") The cited constitutional provisions states:

> The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches, seizures and invasions of privacy shall not be violated; and no warrants shall issue but upon probable

15

cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized or the communications sought to be intercepted.

Haw. Const. Art. 1, Sec. 7.

This provision tracks the U.S. Constitution's proscription of unreasonable searches and seizures, "except for [the Hawaiʻi] constitution's added protection against unreasonable 'invasions of privacy.'" *State v. Willis*, 150 Hawaiʻi 235, 238, 500 P.3d 420, 423 (2021). However, there is no private right of action for violation of this right to privacy; all of the cases interpreting it involve state action. *See, e.g., State v. Mallan*, 86 Haw. 440, 443, 950 P.2d 178, 181 (1998). Plaintiff's claim fails for this reason alone.

However, even interpreting Plaintiff's invasion of privacy claim as being derived from the common law, it still fails. To establish a claim for false light invasion of privacy under Hawaiʻi law, "the plaintiff must show that [the] defendant had 'knowledge of ... or reckless disregard as to the falsity of the publicized matter …, which would be 'highly offensive to a reasonable person.'" *Chung v. McCabe Hamilton & Renny Co.*, 109 Hawaiʻi 520, 534 (2006) (internal citation omitted). "Publicity" means that "the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *Farmer ex rel. Keomalu v. Hickam Fed. Credit Union*, 122 Hawaiʻi 201, 224 P.3d 455 (table), 2010 WL 466007 at *12 (Ct. App. 2010), *as corrected* (Feb. 23, 2010) (quoting Restatement (Second) of

Torts, § 652D comment a).  Thus, "it is not an invasion of the right of privacy … to communicate a fact ... to a single person or even to a small group of persons." *Id.* (upholding dismissal of invasion of privacy claim based on statements "confined to [plaintiff's] employees").

Plaintiff's claim is based on the service of the Garnishment on his employer. (SAC, ¶¶ 101-102, 106.)  Indeed, Plaintiff alleges that "Defendant sent the garnishment to [Plaintiff's] employer in an attempt to humiliate him and coerce him into paying a debt he never owed." (*Id.* at ¶ 106.)  However, the Garnishment on its face pertained to Debtor Michael Soto with Debtor Michael Soto's social security number – i.e., it was not a publication pertaining to Plaintiff.  Moreover, even if Trak had served the Garnishment on Plaintiff's employer, Plaintiff's case would fail because the publication of the Garnishment to "a single person or … small group of persons" does not meet the legal requirements of "publicity" for an invasion of privacy claim. *Farmer ex rel. Keomalu*, 2010 WL 466007 at *12.

Plaintiff's claim, however, suffers from a far more fatal flaw – Trak did not publish the Garnishment to Plaintiff's employer or to anyone else.  (CSF Nos. 18, 20.)  Trak did not prepare the Garnishment, nor did Trak file the Garnishment in court, nor did Trak serve a copy of the Garnishment on Plaintiff's employer.  (CSF No. 20.)  In fact, Trak has never communicated with Plaintiff's employer at all.  (CSF No. 18.)

17

## IV.   CONCLUSION

Based on the foregoing, Trak respectfully requests that this Court grant summary judgment in its favor on all Counts alleged in Plaintiff's SAC.

DATED:  Honolulu, Hawaiʻi, August 1, 2024.

*/s/ Kukui Claydon*
ANDREW J. LAUTENBACH
KUKUI CLAYDON
BEN MOHANDESI
Attorneys for Defendants
LVNV Funding, LLC; Resurgent Capital
Services, L.P.; Nelson & Kennard,
Attorneys at Law; and Data Search NY Inc.
d/b/a TRAKAmerica