```
 1                  UNITED STATES DISTRICT COURT

 2                       DISTRICT OF HAWAII

 3

 4  -------------------------------
    MICHAEL SOTO,                  )
 5                                 )
            Plaintiff,             )
 6                                 ) Civil No. 1:23-cv-00181-DKW-KJM
        vs.                        )
 7                                 )
    LVNV FUNDING, LLC and NELSON   )
 8  & KENNARD, ATTORNEYS AT LAW,   )
                                   )
 9          Defendants.            )
    -------------------------------
10

11              DEPOSITION OF KRISTINE BROWN

12        Taken on behalf of the Defendant LVNV Funding, LLC,

13   via online video conference, commencing at 10:00 a.m., on

14   August 21, 2023, pursuant to Notice.

15
     BEFORE:  SANDRA J. GRAN, CSR NO. 424
16            Registered Professional Reporter
```

EXHIBIT F

```
 1    APPEARANCES:

 2    For the Plaintiff MICHAEL SOTO:

 3         JUSTIN A. BRACKETT, ESQ.
           Attorney at Law
 4         515 Ward Avenue
           Honolulu, Hawaii 96814
 5         Telephone 808-377-6778
           Email justinbrackett@gmail.com
 6


 7    For the Defendant LVNV FUNDING, LLC:

 8         BEN MOHANDESI, ESQ.
           Yu Mohandesi LLP
 9         633 West Fifth Street, Suite 2800
           Los Angeles, California 90071
10         Telephone 213-377-5505
           Email bmohandesi@yumollp.com
11


12    For the Defendant NELSON & KENNARD, ATTORNEYS AT LAW:

13         JASON M. OLIVER, ESQ.
           Law Office of Marvin S.C. Dang, LLLC
14         P.O. Box 4109
           Honolulu, Hawaii 96812
15         Telephone 808-521-8521
           Email joliver@mscdlaw.com
16


17    Also Present:  Stanford Brown

18

19

20

21

22

23

24

25
```

1  him that we received it.  And that was on September the 1st of
2  last year, so, yeah, I -- it would've been right around the
3  end of August or at the very beginning of September that I
4  actually received the notice.
5       Q.   And once you received it, the first thing -- what
6  was the first thing you did if you remember?
7       A.   The first thing I did was -- I wasn't aware that it
8  was for the wrong person, so the first thing I did was I --
9  and I only remember this definitely because of the email that
10 is a part of this package that I emailed -- I'm sorry, I did
11 not email.  I called Nelson & Kennard, left a message because
12 I wanted to know -- because there was the principal amount and
13 then there was an interest amount, and so I wanted to know
14 what the current final amount was, so I called them and left a
15 message.  And then I emailed Michael on September 1st, as you
16 can see from the email, letting him know.  And then after
17 that, I don't know if he called me or emailed me because I
18 don't have an email, so I don't remember if it was verbal or
19 through email he said, This isn't me.  And he said, If you
20 look at the last four digits of the social, it's not me.
21 Which, of course, then I checked, and it wasn't the right
22 social, so I then called Nelson & Kennard again, and no one
23 has ever called me back from them.  I've left them two
24 messages, the initial one and then a second one, and nobody
25 ever called me back.

```
 1   to the extent that it calls for speculation.
 2              THE WITNESS:  Okay.  I mean, okay, not that I can
 3   say.
 4   MR. BRACKETT:
 5       Q.   But I'm asking you what you understood these words,
 6   these particular words to mean that are in this.  When it says
 7   that payment pursuant to garnishment and the garnishee
 8   information sheet should be made payable to Nelson & Kennard
 9   client trust account, what did you understand that to mean, or
10   what do you understand that to mean?
11       A.   Well, again, like, I've done this for other
12   employees.  That I was to garnish wages and make the
13   garnishment payable, you know, to Nelson & Kennard, but for
14   the correct person.  It would be my understanding to be
15   garnishing wages from the correct Michael Soto, and it didn't
16   seem like it was the correct Michael Soto.
17       Q.   My understanding from that earlier email that was on
18   your screen from September 1st said that -- that you will need
19   to garnish this from your next check.  So what were you saying
20   to Mike then?
21       A.   Oh, I had every intention of garnishing his wages to
22   be compliant with this letter, but once Michael said it wasn't
23   him, and he brought to my attention that it was the wrong
24   social, that's when I started to question if it was the
25   correct Michael Soto.  And again, I called Nelson & Kennard,
```

1  and nobody called me back. And so when I sent that email to
2  Michael, I had thought that it was the correct Michael Soto,
3  and I had planned on garnishing until the subsequent events
4  happened.
5      Q.   So you understand -- understood this to be a serious
6  matter, and you intended to garnish the wages from his check
7  initially?
8      A.   Initially, yes.
9      Q.   And at the bottom of this letter, it says that the
10 firm is a debt collector attempting to collect a debt. Did
11 you understand that this was a debt that your employee,
12 Michael Soto, may owe?
13     A.   Yes.
14     Q.   And did you also understand that Nelson & Kennard
15 was a debt collector attempting to collect it?
16     A.   Yes. Well, I wasn't sure if it was Nelson & Kennard
17 or the LVNV Funding which was the actual debt collector. Oh,
18 no, no, no. No, I'm wrong, I'm wrong. I'm looking at it.
19 No, I did understand that Nelson & Kennard was the debt
20 collector and that Michael owed LVNV Funding -- or supposedly
21 owed them this money.
22     Q.   The next page tells us about the notice to the
23 employer, and then on Soto 00006, it says that the judgment
24 debtor is presently believed to be employed at the current
25 place of employment listed above.

```
1          A.    Yep.
2          Q.    And did you understand that judgment debtor to be
3    Michael Soto, your employee?
4          A.    Initially.
5          Q.    Sorry, I over -- sorry about that.
6          A.    That's okay.
7          Q.    But say that --
8          A.    Yes.  Initially, yes.
9          Q.    So you understood initially that he owed a debt and
10   that you had to withhold wages from his -- from his pay?
11         A.    Yes.
12         Q.    And did you also understand that those wages would
13   need to be mailed to Nelson & Kennard?
14         A.    Yes.
15         Q.    On the next page -- actually, a couple pages down --
16   actually, the next page, it says -- Soto 00007, here it talks
17   about notice to employer.  Did you understand that was you,
18   RTS or Raising the Standard Consulting USA, Inc., as the
19   employer?
20         A.    Yes.
21         Q.    And what did you understand or what do you
22   understand -- "The employer shall thereupon either file a
23   disclosure within one week or shall withhold from the wages of
24   the judgment debtor the amounts as provided by this law and
25   pay the same to the judgment creditor."  What do you
```

C E R T I F I C A T E

STATE OF HAWAII        )
                       )   SS.
COUNTY OF MAUI         )

       I, SANDRA J. GRAN, do hereby certify:

       That on August 21, 2023, at 10:00 a.m., appeared before me KRISTINE BROWN, the witness whose deposition is contained herein; that prior to being examined, he was by me duly sworn or affirmed pursuant to Act 110 of the 2010 Session of the Hawaii State Legislature.

       That the deposition was taken down by me in machine shorthand and was thereafter reduced to typewritten form under my supervision; that the foregoing represents, to the best of my ability, a true and correct transcript of the proceedings had in the foregoing matter.

       That pursuant to Rule 30(e) of the Hawaii Rules of Civil Procedure, a request for an opportunity to review and make changes to the transcript:

       _X_  Was made by the deponent or a party (and/or their attorney) prior to the completion of the deposition.
       ____  Was **not** made by the deponent or a party (and/or their attorney) prior to the completion of the deposition.
       ____  Was waived.

       I further certify that I am not an attorney for any of the parties hereto, nor in any way concerned with the cause.

       DATED this 29th day of August, 2023, in Maui, Hawaii.

_____
SANDRA J. GRAN, RPR, HI CSR 424