JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI  96814
Telephone: (808) 377-6778
Email:  justinbrackettlaw@gmail.com

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL SOTO,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC, NELSON & KENNARD, ATTORNEYS AT LAW, RESURGENT CAPITAL SERVICES, L.P., and DATA SEARCH NY, INC. d/b/a TRAKAMERICA,<br><br>　　　　　　Defendants. | CIVIL NO. 1:23-CV-00181 DKW-KJM<br><br>**PLAINTIFF'S SEPARATE AND CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND CONCISE STATEMENT OF ADDITIONAL FACTS [Dkts. 83 & 84]; CERTIFICATE OF SERVICE** |

Defendants admit Defendants' Concise Statement of Facts [Dkt. 87] Nos. 1, 2, 3, 4, 5, 11, 12, 13, and 14.

| Fact # | Response |
|---|---|
| 6 | Denied. Resurgent's collection notes show no such request. See RSC 007 – RCS 008, attached hereto. |
| 7 | Denied. Stanford Brown asserts he does not recall ever speaking with RNN, has no notes showing such a call, and does not verify RTS employees' information over the phone. See Declaration of Stanford Brown. |

| | |
|---|---|
| 8 | Denied. Stanford Brown asserts he does not recall ever speaking with RNN, has no notes showing such a call, and does not verify RTS employees' information over the phone. See Declaration of Stanford Brown. |
| 9 | Plaintiff is without information to admit or deny. |
| 10 | The Garnishment Notice was accompanied by a letter from N&K asserting "This office represents LVNV FUNDING, LLC with respect to the above-referenced matter." It asserted it was involving RTS's employee. It demanded: You are to withhold monies and pay those amounts to our client. You must do so until the balance of the Judgment, together with post-judgment interest … is paid in full." N&K acknowledged: "This firm is a debt collector attempting to collect a debt." The Notice to Garnishee section asserts: If you are served with a Garnishee Summons, you, as the garnishee, are required to begin withholding immediately a part of your employee's wages…."  See Ex. 5 to Second Amended Complaint, Dkt. 45-5. |
| 15 | Plaintiff's September 14, 2022 letters assert:<br>I am writing to dispute your civil number 1DSC-20-0002685. I dispute I owe this debt. You have issued a garnishment at my employer, Raising the standard Consulting (USA), Inc. on a debt I have never owed. I request you immediately withdraw the garnishment and stop collecting this debt from me.<br>See Ex. 7 to Second Amended Complaint, Dkt. 45-7. |
| 16 | N&K responded by demanding payment. Second Amended Complaint, Exhibit 8. |
| 17 | Plaintiff testified he reviewed and notified. Immediately is not stated. Defense Ex. A at 36:14- 25 (Soto Deposition). |
| 18 | As co-owner and Vice President of Raising the Standard Consulting, Inc. ("RTS"), Ms. Brown initially intended to garnish Plaintiff's wages. While she believed Mr. Soto, she understood it was a serious matter that she must garnish Plaintiff's wages. She believed Plaintiff, but still wanted to speak with the collection attorneys. They never called her back. See Brown Depo., Ex. F. |
| 19 | Denied. Mr. Soto feels as though he was unofficially disciplined. Ex. G, Depo. of Michael Soto, p. 72, ln. 4-16. |

# ADDITIONAL FACTS SUPPORTING PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| No. | Additional Material Fact | Evidentiary Support |
|---|---|---|
| 20 | Ms. Brown testified that she intended to comply with the Order she received and garnish Mr. Soto's wages. She called N&K to determine the correct amount to withhold from Mr. Soto's next paycheck. | Exhibit F, Depo. of Kristine Brown, p. 15, ln. 7-15. |
| 21 | Ms. Brown was prepared to send Defendants a payment. | Exhibit F, Depo. of Kristine Brown |
| 22 | Kristine Brown had every intention of garnishing Mr. Soto's wages to be compliant with Defendants' letter, but once Michael said it wasn't him, and he brought to her attention that it was the wrong social, that's when Ms. Brown started to question if it was the correct Michael Soto. | Exhibit F, Depo. of Kristine Brown, at p. 47, ln. 21-25. |
| 23 | Kristine Brown called Nelson & Kennard, and nobody called her back. And so she thought that the Garnishment Notice pertained to the correct Michael Soto, and initially planned on garnishing Mr. Soto's wages. | Exhibit F, Depo. of Kristine Brown, p. 47, ln. 25 – p. 48, ln. 4. |
| 24 | Ms. Brown understood the garnishment to be a serious matter and initially intended to garnish Mr. Soto's wages. | Exhibit F, Depo. of Kristine Brown, p. 48, ln. 5-8 |
| 25 | Kristine Brown understood Defendant N&K to be a debt collector, and it to be a debt that her employee, Michael Soto, may owe. | Exhibit F, Depo. of Kristine Brown, p. 48, ln. 9-13. |
| 26 | Kristine Brown understood that Plaintiff owed, or supposedly owed money to the defendants. | Exhibit F, Depo. of Kristine Brown, p. 48, ln. 19-21. |
| 27 | Upon receiving the writ of garnishment, Mr. Soto's employer initially understood that he was a judgment debtor who owed money to defendants. | Exhibit F, Depo. of Kristine Brown, p. 49, ln. 1-11. |
| 28 | Kristine Brown also understood that she must garnish Plaintiff's wages and mail them to Defendant N&K. | Exhibit F, Depo. of Kristine Brown, p. 49, ln. 12-14 |
| 29 | It was only after a frantic Mr. Soto called and begged Ms. Brown to confirm the information before submitting its payment(s) that his employer | Exhibit G, Depo. of Michael Soto, pp. 36-37. |

|    |    |    |
|----|----|----|
|    | stopped its normal process and started calling to confirm whether Defendants had the correct debtor. |  |
| 30 | When asked about N&K's protocol for such a situation, Attorney Jason Oliver explained:<br><br>Q What is Nelson & Kennard's procedures when they are made aware that the wrong person's place of employment has received a garnishment?<br>A. Well, we tell them to disregard the garnishment.<br>Q. How do you tell them?<br>A. By letter, or -- I don't know. It depends on how we are -- how that's communicated to us.<br>Q. Do they take any other steps?<br>A. We file a release of garnishee. | Exhibit I, Depo. of Jason Oliver, p. 40, ln. 16-25. |
| 31 | During Mr. Oliver's October 25, 2023 deposition, he confirmed that Defendants had not released the garnishment, some 15 months after Defendants had been issued it. | *Id.* at p. 108, ln. 13-14. |
| 32 | Defendants didn't call Plaintiff's employer, Ms. Brown, back until after this lawsuit was filed. | *Id.* at p. 96, ln. 20 – p. 97, ln. 2. |
| 33 | Defendants have not taken any steps to remove this from the public record. | *Id.* at p. 97, ln. 15 – p. 98, ln. 1. |
| 34 | Because Defendants would not call him back, Mr. Soto was filled with anxiety. | Ex. G, Depo. of Michael Soto, p. 90, ln. 2-4. |
| 35 | Jason Oliver, acknowledged Mr. Soto was not the correct debtor to issue the garnishment upon.<br>Q. Was the garnishment issued to the wrong place of employment?<br>A. I don't know.<br>Q. So does Nelson & Kennard believe that the judgment debtor, Michael Soto, worked for Raising the Standard?<br>A. The judgment debtor? Well, I don't know that. It's possible, but I don't know.<br>Q. You've now spoken with Kristine Brown. Do you believe still that this was the correct judgment debtor's place of employment?<br>A. I know that the person to whom she gave the garnishment and who she focused the garnishment | Ex. I, Depo. of Jason Oliver, p. 53, ln. 5-20. |

| | | |
|---|---|---|
| | on and whose Social Security number did not match what was on the garnishment was not the right person. | |
| 36 | Mr. Soto has testified that he has suffered physical manifestations of emotional distress, was put on medication, had to pay for postage, was distracted and pre-occupied by anxiety due to the garnishment, leading to a serious failure in job performance that lead to him being taken to a police station and stripped of his credentials, and even had his security clearance revoked (causing him to lose weeks of wages) as a result of Defendants' collection efforts. | Ex. G, Depo. of Michael Soto, p. 130, ln. 21 – p. 131, ln. 8. Ex. G, Depo. of Michael Soto, p. 131, ln. 4-8. Exhibit 7 to Second Amended Complaint. Ex. G, Depo. of Michael Soto, p. 90, ln. 2-4. Ex. G, Depo. of Michael Soto, p. 67. Ex. G, Depo. of Michael Soto, p 70, ln. 2-8. |
| 37 | LVNV has no right to garnish from Plaintiff, but nonetheless filed a writ of garnishment against him in a public forum. | Ex. I, Depo. of Jason Oliver, p. 92. |
| 38 | Stanford Brown is the owner of Raising the Standard Consulting, Inc. | Decl. of Stanford Brown ¶ 2 |
| 39 | As owner of Raising the Standard Consulting, Inc. ("RTS"), Stanford Brown has personal knowledge of RTS's business records. | Decl. of Stanford Brown ¶ 3 |
| 40 | Stanford Brown does do not recall ever receiving any call from RNN Group, Inc. | Decl. of Stanford Brown ¶ 4 |
| 41 | Upon review of RTS's records, Stanford Brown found no evidence of RTS ever verifying the employment of Michael Soto with anyone at RNN Group, Inc. or any of the named defendants in this matter: LVNV Funding, LLC, Resurgent Capital Services, L.P., Data Search NY, Inc., or Nelson & Kennard, Attorneys At Law. | Decl. of Stanford Brown ¶ 5 |
| 42 | Mr. Brown does not verify whether an individual is employed by RTS to callers. | Decl. of Stanford Brown ¶ 6 |

| | | |
|---|---|---|
| 43 | Mr. Brown does not verify RTS employees' social security numbers to callers, not even the last four digits. | Decl. of Stanford Brown ¶ 7 |
| 44 | Mr. Brown does not verify RTS employees' names to callers. | Decl. of Stanford Brown ¶ 8 |

DATED: Honolulu, Hawaii, October 5, 2024.

*/s/ Justin A. Brackett*
Justin A. Brackett, Esq.
*Attorney for Plaintiff*

| Created | Note | Note Type | Created By |
|---|---|---|---|
| 3/28/23 12:00 | Complaint Received; Under Legal Review. Please contact Legal prior to taking any action on the account. | Legal Other Other Complaint | sqlserveraccount |
| 11/22/22 12:30 | Status not updated in error, acct placed in cease segment or has cease docs attached. | Portfolio Management Agency (Outside & Legal) Electronic In Account Data Correction | rcole |
| 11/8/22 0:02 | Canceled Scheduled Actions - Id: 6151219 - Change Collection Status; | Customer Service Internal Account / Process Review Dispute Dispute | disprod |
| 10/4/22 16:11 | Resolved Dispute - Dispute ID: 21732739, Dispute Type: Verification of Debt, Dispute Date: 09/20/2022 - Request Fulfilled; | Customer Service Internal Account / Process Review Dispute Dispute | chopkins |
| 10/4/22 16:11 | Resolved Dispute - Dispute ID: 21732622, Dispute Type: Verification of Debt, Dispute Date: 09/23/2022 - Request Fulfilled; | Customer Service Internal Account / Process Review Dispute Dispute | chopkins |
| 10/4/22 16:11 | Scheduled ENCLADR-CS Letter with 681300679 - LS - Judgments -  - 8/10/2021 for 10/04/2022; | Customer Service Internal Account / Process Review Dispute Dispute | chopkins |
| 10/4/22 16:11 | Scheduled ENCLADR-CS Letter with 681300679 - LS - Judgments -  - 8/10/2021 for 10/04/2022; | Customer Service Internal Account / Process Review Dispute Dispute | chopkins |
| 10/4/22 16:11 | Scheduled Collection Status change to ACT on 11/08/2022; | Customer Service Internal Account / Process Review Dispute Dispute | chopkins |
| 10/4/22 16:09 | Written Validation Added | Customer Service Customer / Co-Customer Written Out Validation Notice Mailed/Faxed (VAL Letter) | chopkins |
| 9/30/22 13:56 | | Customer Service Agency (Outside & Legal) Written In CDR Notification CDR All Contact | eberryhill |
| 9/30/22 13:56 | | Customer Service Agency (Outside & Legal) Written In Dispute Dispute Unresolved | eberryhill |
| 9/27/22 15:37 | | Customer Service Agency (Outside & Legal) Written In Dispute Dispute Unresolved | tbuchanan |
| 12/4/20 13:35 | BrwrPhone Insert from TransUnion scrub - SR842466 | Portfolio Management Internal Account / Process Review Account Data Correction | kbehrendt |

RCS 0007

| | | | |
|---|---|---|---|
| 10/13/20 12:16 | An Affidavit (Version v1.22.A) was signed for this account on 10/13/2020 12:06:33 PM by cmoon, RequestID: 3224004 & ServicerID: 1963. | Portfolio Management Agency (Outside & Legal) Written Out Affidavit Forwarded | affidavit workflow |
| 3/11/20 13:26 | BrwrAddress updated per DMRS request kbehrendt_113719 (True Trace) | Portfolio Management Internal Account / Process Review Account Data Correction | kbehrendt |
| 11/6/19 10:04 | Wireless numbers added from seller provided data per DMRS request mstokes_111486. | Portfolio Management Internal Account / Process Review Account Data Correction | mstokes |
| 3/15/19 14:57 | Account was eligible to receive Notice of Assignment text message 3/15/2019. Replies are not monitored for content. Message: "Important msg from Resurgent Debt Collector: Your CreditOne acct was sold to LVNV Funding. More info at [portal link] ; Msg&DataRatesApply To optout reply STOP" | Portfolio Management Other Other Other | kleffler |

RCS 0008