STARN ● O'TOOLE ● MARCUS & FISHER
A Law Corporation

ANDREW J. LAUTENBACH        8805-0
KUKUI CLAYDON              10378-0
733 Bishop Street, Suite 1900
Pacific Guardian Center, Makai Tower
Honolulu, Hawaii 96813
Telephone: (808) 537-6100
alautenbach@starnlaw.com
kclaydon@starnlaw.com

YU MOHANDESI LLP
BEN MOHANDESI *(pro hac vice)*
633 West Fifth Street, Suite 2800
Los Angeles, California 90071
Telephone: (213) 377-5505
Email: bmohandesi@yumollp.com

Attorneys for Defendants
LVNV Funding, LLC; Resurgent Capital Services L.P.;
Nelson & Kennard, Attorneys at Law; and
Data Search NY Inc. d/b/a TRAKAmerica

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL SOTO,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC; NELSON & KENNARD, ATTORNEYS AT LAW; RESURGENT CAPITAL SERVICES, L.P.; and DATA SEARCH NY, INC. d/b/a TRAKAMERICA,<br><br>　　　　　Defendants. | Civil No. 1:23-cv-00181-DKW-KJM<br><br>**DEFENDANT DATA SEARCH NY INC. d/b/a TRAKAMERICA'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF ISSUES [Dkt. 79]; CERTIFICATE OF SERVICE** |

I. **INTRODUCTION**

Trak's[1] motion is straightforward, seeking summary judgment on all claims because Trak did not participate in the alleged wrongful conduct. Alternatively, Trak seeks summary judgment on each claim due to Claimant's inability to establish the elements of each claim. Plaintiff seeks to defeat summary judgment through hyperbole, by misrepresenting Trak's arguments, and misrepresenting the evidence.[2]

However, none of the arguments raised changes the fundamental fact that Trak never communicated with Plaintiff, never communicated with Plaintiff's employer, does not engage in collection activities, and had no involvement with the inclusion of Plaintiff's employment information in the garnishment notice served on Plaintiff's employer. Moreover, none of the arguments raised by Plaintiff meets Plaintiff's burden of establishing the existence of the elements essential to Plaintiff's case, as required by law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Accordingly, summary judgment must be granted in Trak's favor.

II. **ANALYSIS**

In response to a summary judgment motion where a plaintiff bears the ultimate burden of proof, "the plaintiff must present *affirmative evidence* in order to defeat a

---

[1] This Reply Brief utilizes the same defined terms as Trak's Motion [Dkt. 79].
[2] Plaintiff filed his Separate and Concise Statement of Facts in Opposition ("***Opposing SCSF***") to Trak's Motion for Summary Judgment a day late, on October 5, 2024 (*See* Dkt. 94). Accordingly, the Court should disregard Plaintiff's Opposing SCSF and its contents should not be considered. L.R. 7.2.

properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) (emphasis added); *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007) (a plaintiff "must present affirmative evidence to make this showing," "bald assertions that genuine issues of material fact exist are insufficient," and a "'mere scintilla of evidence' … is insufficient to withstand summary judgment."). Plaintiff fails to meet this burden.

### A. Trak Is Not a Debt Collector and No Agency Relationship Exists Between Trak and Any Other Defendant

Plaintiff argues that Trak is a part of a "many-headed hydra" of debt collectors, stating, without any citations to evidence, that a principal/agent relationship exists between all defendants.

Notably, Plaintiff does not engage in *any* legal analysis to establish the existence of such a relationship. Instead, Plaintiff merely makes a conclusory statement that "Resurgent then hires TRAK, its agent, who then hires its own agents, in this case Nelson and Kennard" (Plaintiff's Opposition [Dkt. 93] ("**Opposition**"), p. 3) and prematurely leaps ahead to a discussion regarding whether a principal may be held liable for the actions of an agent. In fact, no such agency relationship exists.

To establish vicarious liability for actions allegedly taken by N&K (*i.e.*, serving the Garnishment on Plaintiff's place of employment), Plaintiff must demonstrate N&K acted as a legal agent of Trak when it sought to collect the Account debt. This requires more than a showing that Trak assigned the case file to

N&K in response to Resurgent's request for a legal servicer. Instead, Plaintiff must show that Trak controlled or had the right to control N&K and the manner and means of collection. *Hollingsworth v. Perry*, 570 U.S. 693, 695 (2013) ("control" is one of "the basic features of an agency relationship); *Mavrix Photographs, LLC v. Livejournal, Inc.*, 873 F.3d 1045, 1055 (9th Cir. 2017) ("Whether an agency relationship exists also depends on the level of control a principal exerts over the agent."); *Klee v. United States*, 53 F.2d 58, 61 (9th Cir. 1931) ("Agency means more than mere passive permission; it involves request, instruction, or command.").

Plaintiff does not and cannot make such a showing. Although Plaintiff states that N&K "works at the direction of TrakAmerica" (Opp. p. 8) Plaintiff cites no evidence that would support this conclusory statement. Indeed, nothing in the record suggests that Trak had the ability to control N&K's representation of LVNV in connection with the Account and Debtor Michael Soto. Plaintiff focuses on the contractual relationships and payment arrangements between the parties, asserting: "Resurgent and N&K, though linked through TRAK, have no direct communication and no contractual arrangement. All communications between N&K and Resurgent, pass first through TRAK. All money N&K collects for LVNV goes first to TRAK. Trak is then paid a percentage of whatever N&K collects." (*Id.* at 3-4).

Plaintiff misstates the evidence. Trak's representative testified that she did not have knowledge with regard to any contractual relationship between Resurgent and

3

N&K. (*See* Trak's Response to Plaintiff's Concise Statement of Additional Facts ("***CSAF Response***"), No. 26). Similarly, Trak's representative testified that Trak provides an automated communications portal through which law firms in its supplier network communicate with clients, but that Trak does not participate in such communications or even review their contents. (CSAF Response No. 24). Further, even if true, Plaintiff's assertions do nothing to establish that Trak had the ability to control N&K's representation of LVNV.

In addition, Plaintiff fails to establish that Trak is a debt collector. Under the FDCPA, a "debt collector" is: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," (the "principal purpose" definition); or (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" (the "regularly collects" definition). 15 U.S.C. § 1692a(6). Trak does not meet either definition.

Plaintiff attempts to establish that Trak is a debt collector under the principal purpose definition. Plaintiff argues Trak's principal purpose is collecting debts because "[*a*]*ll* of TRAK's revenue comes from contingency fees on how much debt is collected," and because "Defendant serves as a go-between between creditors seeking collection agencies and collection law firms." Again, Plaintiff misstates evidence, as Trak's representative testified Trak generates *some* of its revenue

through contingency fees, and is also paid flat fees for other services. (Response CSF No. 22.) Moreover, Trak's payment arrangements with its clients do not establish Trak's own principal business purpose.

The evidence shows that Trak's principal purpose is to provide "back office" account management services, and referrals to law firms and collection agencies. (CSF No. 1.) Trak does not collect debts and does not participate in any efforts to collect debts from consumers, had no involvement with efforts undertaken by N&K to collect on the Account, and had no involvement in the garnishment request served on Plaintiff's employer by N&K. (CSF Nos. 2-3, 20). Trak merely connected LVNV with N&K to act as LVNV's counsel in Hawaii. (CSF No. 7). Plaintiff has not and cannot establish that Trak is a "debt collector" for the purposes of the FDCPA.

### B. Plaintiff Does Not Establish Disputed Material Facts

Plaintiff argues that Trak's Motion "should be denied because the facts upon which their arguments lay are disputed." (Opp. p. 8). Plaintiff focuses on two "disputed" facts: (1) Trak's alleged assertion that "they were authorized to pursue garnishment from Plaintiff because Plaintiff's employer verified his place of employment;" and (2) Trak's assertion that "Mr. Soto immediately recognized it was not his debt and immediately confirmed that to his employer." (Opp. p. 8).

As an initial matter, Trak's Motion is not dependent upon these facts: Trak is entitled to summary judgment because it did not participate in any of the collection

5

activities at issue and cannot be held liable under Plaintiff's causes of action.

Moreover, the evidence presented by Plaintiff is insufficient to create a material issue of fact. RNN's contemporaneous business records establish that RNN called RTSC at 808-426-3464 on June 28, 2022 and spoke with Stanford Brown, President of RTSC, to inquire if Michael Soto, with a social security number ending in 4238 was an employee of RTSC. (CSF No. 10). During that phone call, Mr. Brown confirmed that Michael Soto, with social security number ending in 4238 (*i.e.*, *Debtor Michael Soto*), was an employee of RTSC. (CSF No. 11). It was based on this confirmation that N&K prepared the Garnishment.

In response, Plaintiff has submitted a declaration from Mr. Brown in which he states that he does not recall such a phone call – not that he is certain that no phone call took place, but that he does not recall. (Declaration of Stanford Brown [Dkt. 93-2] ("**Brown Decl.**"), ¶ 4). Mr. Brown further states that RTSC's records do not have a record of the employment verification. (*Id.* at ¶ 5). While this might establish that Mr. Brown does not keep track of his incoming calls, it does not establish that the 2022 employment verification call did not take place.

Plaintiff also takes issue with Trak's characterization that Plaintiff "immediately" recognized that the Garnishment did not pertain to him and "immediately" relayed that information to his employer. But, the evidence is clear: Plaintiff testified when he first saw the Garnishment, he noticed that it pertained to

a "Michael Soto" with a different social security number than his. (CSF, No. 15).

In addition, despite Plaintiff's assertion that Trak's Motion is "based entirely" on both of these assertions of "immediate" action, the statement regarding Plaintiff's notification to his employer is not relied upon by Trak as a material fact (*see* "Material Facts" section of Trak's Motion, pp. 4-6), but is instead included in one sentence of the moving brief's introduction. Moreover, even though Trak does not include a material fact regarding Plaintiff's communication with his employer,[3] Plaintiff's own evidence demonstrates that his employer did not garnish his wages because Plaintiff "brought to [his employer's] attention that it was the wrong social." (Opp. p. 10 (citing Deposition of Kristine Brown)).[4]

### C.  Trak Is Entitled to Summary Judgment on All UDAP Claims

Plaintiff's argument regarding his UDAP claim is based entirely on his theory that "Defendants' garnishment notice violated the law." Plaintiff does not include any legal analysis that would explain how the Garnishment violated the law.

In addition, Plaintiff completely misrepresents Trak's argument on summary

---

[3] Plaintiff also includes a discussion regarding Plaintiff's alleged damages. Although Trak does not concede that Plaintiff is able to establish damages, the discussion is immaterial to Trak's motion for summary judgment, which contains no argument regarding the existence of damages.

[4] Plaintiff also appears to place great weight on the idea that N&K did not file a release of garnishee until after Plaintiff filed his lawsuit. (Plaintiff's Opposition, pp. 11-12.) Once again, this is immaterial to Trak's motion for summary judgment. Moreover, Hawai'i law did not require N&K to file a Release of Garnishee because there was no court order regarding the garnishment. HRS, Chapter 652.

judgment. Specifically, Plaintiff falsely states that "Defendant doubles down that Plaintiff owed the debt and asserts that '[a]ll of the information in the Garnishment Notice was accurate, and Plaintiff does not allege otherwise.'" (Opp. p. 13). Trak has never claimed Plaintiff owed the subject debt, and certainly did not make such an argument in its Motion. Instead, Trak states that the Garnishment correctly identifies ***Debtor Michael Soto*** by the last four digits of his social security number and mailing address, and that the only reason the employer was identified as RTSC, was Mr. Brown's erroneous verification. Further, Plaintiff's statement that the Garnishment was "levied against the Micha[e]l Soto who works at Raising the Standard Consulting, the Plaintiff, not the debtor Michael Soto" (Opp. pp. 13-14) is directly contradicted by the evidence. Again, the Garnishment on its face identifies Debtor Michael Soto by the last digits of his social security number and his mailing address – neither of which belongs to Plaintiff.

Plaintiff cannot establish that Trak violated UDAP by attempting to collect from Plaintiff or through the use of coercion or misrepresentation, because Trak did not participate in any efforts to collect a debt from Plaintiff and did not communicate with Plaintiff in any way, shape, or form. (CSF Nos. 3, 17 & 20). Similarly, Plaintiff cannot establish that Trak publicized any information about him to his employer because Trak has never communicated with Plaintiff's employer. (CSF No. 18).

Plaintiff's agency arguments fail for the reasons discussed above. Nevertheless, even if Plaintiff could establish agency, it would not save his UDAP claim because Hawai'i's UDAP statute "provides for a cause of action against a 'person, firm, company, association or corporation' *that actually committed* an unfair and deceptive trade practice." *Araki v. Bank of Am.*, Civil No. 10–00103 JMS/KSC, 2010 WL 5625970, at *6 (D. Haw. Dec. 14, 2010) (emphasis added). There is no vicarious liability under UDAP for parties not involved in the allegedly wrongful conduct. *See, e.g.*, *Araki v. One W. Bank FSB*, Civil No. 10–00103 JMS/KSC, 2010 WL 5625969, at *8 (D. Haw. Sept. 8, 2010); *Skaggs v. HSBC Bank USA, N.A.*, Civil No. 10-00247 JMS/KSC, 2011 WL 3861373, at *6-8 (D. Haw. Aug. 31, 2011) (dismissing UDAP claims for failing to allege any misconduct against defendant).

Therefore, Trak is entitled to summary judgment on Plaintiff's UDAP claims.

### D. Trak Is Entitled to Summary Judgment on All FDCPA Claims

In support of his FDCPA claims, Plaintiff argues that Trak is requesting that the Court "overturn Ninth Circuit precedent," relying on *Swanson v. S. Oregon Credit Serv., Inc.*, 869 F.2d 1222 (9th Cir. 1988). (Opp. p. 16). Plaintiff further (and incorrectly) argues that Trak's Motion "is premised on the unsupported claims that his employer erroneously verified his employment and immediately realized that the garnishment did not pertain to Plaintiff." (*Id.* at pp. 16-17.)

9

First, Trak's Motion as to Plaintiff's FDCPA claims is not premised on either of the above statements. Instead, it is based on the facts that: (1) Trak is not a debt collector under the FDCPA; (2) Trak did not engage in debt collection; and (3) courts across the federal circuits – including in the Ninth Circuit – have held that mistaken attempts to collect a debt against the wrong person do not violate the FDCPA.

Second, Trak does not ask this Court to overturn precedent and reliance on *Swanson* is misguided, as it has no bearing on this case. *Swanson* found that a debt collector violated the FDCPA by failing to provide a debtor with a 30-day period to dispute the debt. *Id.* 869 F.2d at 1226 ("Congress designed section 1692g to provide alleged debtors with 30 days to question and respond to the initial communication of a collection agency. The form used [ ] in this case invokes a shorter response period, promising harm to the debtor who waits beyond 10 days."). In addition, the court found the debt collector violated the FDCPA by sending the debtor a notice "which stated: 'Unless payment in full or definite arrangements are made on your account(s) within 48 hours a complete investigation will begin concerning your employment and assets.'" *Id. Swanson* held that the least sophisticated consumer might construe the statement as a threat to contact the consumer's employer and, "[b]ecause section 1692c(b) prohibits such unconsented and unauthorized communication with a debtor's employer concerning the debt, the threat constitutes a 'threat to take any action that cannot legally be taken.'" *Id.* at 1227.

None of the above is relevant to the case at hand, in which a Garnishment pertaining to the correct debtor, and which correctly identified the debtor by his social security number and address, was inadvertently sent to the wrong employer. In contrast, the cases within the Ninth Circuit that *do* address analogous situations hold that mistaken attempts to collect a debt against the wrong person do not violate the FDCPA. *Huy Thanh Vo v. Nelson & Kennard*, 931 F. Supp. 2d 1080, 1095 (E.D. Cal. 2013) (no FDCPA violation where "defendants sued [plaintiff], took his default, and placed a lien on his property" based on their "mistaken belief that he owed the subject debt," when it really belonged to his brother); *Hedayati v. Perry L. Firm*, 2017 WL 4864491 at *1, *8 (C.D. Cal. Oct. 27, 2017) (no FDCPA violation where the defendant mistakenly sued the plaintiff with a debt collection lawsuit, "mistakenly believing [him] to be debtor 'Mohammad Hedayati,' who was actually [his] brother," and noting that "[e]ven the least sophisticated debtor knows his own address and can understand that, if he receives debt collection notices that list an address he doesn't recognize and a name similar to his own, that the debt collector likely has the wrong individual.").[5] Here, as soon as Plaintiff reviewed the

---

[5] As noted in the Motion, courts across jurisdictions have also repeatedly held that mistakenly attempting to collect a debt from the wrong person is not an FDCPA violation. *See Bleich v. Revenue Maximization Grp., Inc.*, 233 F. Supp. 2d 496, 500 (E.D.N.Y. 2002); *Reed v. AFNI, Inc.*, 2011 WL 112430, at *2 (D. Utah Jan. 13, 2011); *Gonzalez v. Erskine*, 2008 WL 6822207, at *3 (S.D. Fla. Aug. 7, 2008); *Blauer v. Zucker, Goldberg, & Ackerman, LLC*, 2011 WL 1113280, at *3 (D. Del. Mar. 24, 2011).

Garnishment, he knew that he did not owe the debt and that the Garnishment had been served on the wrong employer. (CSF Nos. 14-16).

Plaintiff attempts to distinguish *Hedayati* by arguing that the plaintiff therein did not send a dispute letter, while Plaintiff did and "Defendant would not return his calls at all." (Opp. p. 18.)[6] Plaintiff's argument is unavailing, as the *Hedayati* court specifically found that there was no FDCPA violation even though the defendant "continued to target Plaintiff with its debt collection efforts even after Plaintiff notified Defendant that he was not the debtor." 2017 WL 4864491 at *8.

Plaintiff does not attempt to distinguish *Huy Thanh Vo*, but instead suggests that Trak intentionally omitted a quotation from the case indicating that "a jury could find that defendants' failure to vacate the judgment, once they were informed of their error, was abusive." (Opp. p. 18 (quoting *Huy Thanh Vo*, 931 F. Supp. 2d at 1095).) Plaintiff then attempts to link this statement with N&K's alleged failure "to vacate the garnishment for over 15 months. (*Id.*).

This case, however, does not involve any judgment entered against Plaintiff. Instead, there is a lawful judgment entered against Debtor Michael Soto that does not require vacating. Nor can the Garnishment be equated with a judgment. The Garnishment does not involve any enforceable order entered by a court of law that

---

[6] Plaintiff presents no evidence that he ever contacted Trak by telephone or otherwise.

12

would require an employer to comply with the Notice. Instead, it is based on an affidavit of the amount due and the underlying judgment (which, again, was lawfully obtained against Debtor Michael Soto). Under Hawai'i law, N&K was not required to file a Release of Garnishee. HRS, Chapter 652. Accordingly, the fact that it did not immediately do so cannot establish a violation of the FDCPA (and certainly cannot establish such a claim against Trak). Thus, Plaintiff's FDCPA claims fail and Trak is entitled to summary judgment.

### E. Trak Is Entitled to Summary Judgment on Plaintiff's Invasion of Privacy Claim

Plaintiff argues that Trak's motion as to his invasion of privacy claim should be denied because it is based "on the two disputed facts…. As explained above, Plaintiff's employer did not verify his employment or immediately know it wasn't him." (Opp. pp. 18-19). Plaintiff also argues that his privacy has been invaded because "Defendants" have not attempted to ask the court in the Collection Action to seal the Garnishment, equating "[o]wing a debt" with "committing a crime." (*Id.* at pp. 22-24).

Plaintiff's argument is baffling because Trak's Motion on Plaintiff's invasion of privacy claim is based on neither of those statements. Instead, Trak is entitled to summary judgment on this claim because Plaintiff does not and cannot establish that Trak publicized any matter regarding Plaintiff with "knowledge of ... or reckless disregard as to the falsity of the publicized matter …, which would be 'highly

13

offensive to a reasonable person.'" *Chung v. McCabe Hamilton & Renny Co.*, 109 Hawai'i 520, 534 (2006) (internal citation omitted).

First, the Garnishment on its face pertained to Debtor Michael Soto with Debtor Michael Soto's social security number – *i.e.*, it was not a publication pertaining to Plaintiff. Thus, Plaintiff's argument that "Defendants publicly filed a writ of garnishment identifying Plaintiff" is false. In addition, Plaintiff does not explain Trak's involvement in the filing (there was none), nor does Plaintiff explain how Trak could possibly seal the record in the Collection Action.

Nevertheless, even if the Garnishment pertained to him, Plaintiff has not and cannot establish "publicity," which requires that "the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *Farmer ex rel. Keomalu v. Hickam Fed. Credit Union*, 122 Hawai'i 201 (table), 2010 WL 466007 at *12 (Ct. App. 2010), *as corrected* (Feb. 23, 2010) (quoting Restatement (Second) of Torts, § 652D comment a). In this case, the Garnishment was sent only to Plaintiff's employer, and "it is not an invasion of the right of privacy … to communicate a fact ... to a single person or even to a small group of persons." *Id.* (upholding dismissal of invasion of privacy claim based on statements "confined to [plaintiff's] employees").

Trak's Motion is further based on the fact that Trak did not publish the Garnishment to Plaintiff's employer or to anyone else. (CSF Nos. 18, 20). Trak did not prepare the Garnishment, nor did Trak file the Garnishment in court, nor did Trak serve a copy of the Garnishment on Plaintiff's employer. (CSF No. 20.) In fact, Trak has never communicated with Plaintiff's employer at all. (CSF No. 18.) Consequently, Plaintiff cannot establish an invasion of privacy claim against Trak as a matter of law, and Trak is entitled to summary judgment.

## III.  CONCLUSION

For the foregoing reasons, as well as those set forth in the moving papers, Trak's Motion for Summary Judgment should be granted in its entirety.

DATED: Honolulu, Hawaii, October 11, 2024.

/s/ *Andrew J. Lautenbach*
ANDREW J. LAUTENBACH
KUKUI CLAYDON
BEN MOHANDESI
Attorneys for Defendants
LVNV Funding, LLC; Resurgent Capital Services, L.P.; Nelson & Kennard, Attorneys at Law; and Data Search NY Inc. d/b/a TRAKAmerica