JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI 96814
Telephone: (808) 377-6778
Email:  justinbrackettlaw@gmail.com

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL SOTO,<br><br>     Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC, NELSON & KENNARD, ATTORNEYS AT LAW, RESURGENT CAPITAL SERVICES, L.P., and DATA SEARCH NY, INC. d/b/a TRAKAMERICA,<br><br>     Defendants. | CIVIL NO. 1:23-CV-00181 DKW-KJM<br><br>PLAINTIFF MICHAEL SOTO'S REPLY IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT; EXHIBITS L-M; CERTIFICATE OF SERVICE<br><br>JURY TRIAL REQUESTED |

## PLAINTIFF'S REPLY IN SUPPORT OF HIS
## MOTION FOR PARTIAL SUMMARY JUDGMENT

In opposition to Plaintiff's Motion, Defendants assert three contentions:

1) Plaintiff is not a "consumer" under the FDCPA;
2) TRAK is not a "debt collector" under the FDCPA; and
3) LVNV is not a "debt collector" under the FDCPA.

Plaintiff hereby replies to each contention, individually. As Defendants do not dispute that either Resurgent or N&K are debt collectors, Plaintiff requests this Court now consider these facts undisputed. See Fed. R. Civ. P. 56(e). Whereas

1

Defendants admit the fact that the debt is a "consumer debt", Plaintiff requests the Court enter partial summary judgment for Plaintiff on this issue as well. See Dkt. 91, p. 1.[1]

### Plaintiff is a "Consumer" Under the FDCPA

"The term "consumer" means any natural person obligated or *allegedly obligated* to pay any debt." 15 U.S.C. 1692a(3)(emphasis added). Defendants argue that the Plaintiff Michael Soto is not protected from their wrongful acts. Defendants say that even though they alleged, to him and his employer, that the Michael Soto that worked at Raising the Standard Consulting, Inc. ("RTS" or "Raising the Standard") and lived at his address in Waianae was a deadbeat debtor, somehow that's not what the law means by "allegedly obligated."

Defendants argue their collection letters, calls, and public garnishment saying the Michael Soto who works for RTS has unpaid debts, were acts which are not subject to federal laws against abusive debt collection practices. Under their interpretation, even knowingly fabricated attempts to collect money from people who do not owe it would not fall under the protection of the Fair Debt Collection Practices Act, because the victims are not a protected "consumer".

"Simply put, a mistaken allegation is an allegation nonetheless." *Dunham v. Portfolio Recovery Associates, LLC,* 663 F.3d 997, 1011 (8th Cir. 2011). In

---

[1] "Defendants admit Plaintiff's Concise Statement of Facts [Dkt. 87] Nos. 1, 2, 3, …." Dkt. 91, p. 1.

*Dunham*, the Eight Circuit rejected the Defendants' argument on the definition of consumer and pointed out that under Defendants' interpretation of the FDCPA, "a person who has been abused by a debt collector's harassing tactics, which the FDCPA generally prohibits, could not invoke the protection of the FDCPA if the debt collector contacted the individual by mistake." *Id.* at 1002. Instead, Defendant's interpretation would read "allegedly obligated" as applying only to those who "actually owe or owed the specific debt at issue, despite whether a debt collector asserted a person owes the specific debt." *Id.* The Seventh Circuit has also followed, saying

> [t]he word [alleged] applies generally and consequently includes obligations alleged by a *debt collector* as well. We therefore hold that the definition of "consumer" under the FDCPA includes consumers who have been alleged by debt collectors to owe debts that the consumers themselves contend they do not owe. This interpretation conforms to the structure and text of the rest of the FDCPA, which focuses primarily on the conduct of debt collectors, not consumers.

*Loja v. Main St. Acquisition Corp.*, 906 F.3d 680, 684 (7th Cir. 2018)

Other courts in the Ninth Circuit have adopted the reasoning of *Duhnam*. *See, e.g.*, *Davis v. Midland Funding*, LLC, 41 F. Supp. 3d 919, 924 (E.D. Cal. 2014) (commenting that the FDCPA's text "strongly suggests that Congress intended the FDCPA to protect consumers who were subjected to collection efforts for obligations they did not owe" and concluding that the statute encompassed claims brought by such individuals); *Gonzalez v. Law Firm of Sam Chandra,*

3

*APC,* No. 13–CV–0097–TOR, 2013 WL 4758944, at *3 (E.D. Wash. Sep. 4, 2013) (adopting *Dunham*'s reasoning to conclude that "the fact that the debt actually belonged to someone else does not strip Plaintiff of a cause of action under the FDCPA," and finding that plaintiff was a consumer because "Defendants 'alleged' that Plaintiff owed a debt when they mailed her 'dunning' letters").

The *Hedayati* Court agreed with the reasoning set forth in *Dunham* and *Davis* and reads the term "consumer" to encompass persons from whom debt collectors mistakenly attempt to collect money, because through such collection efforts the debt collector effectively "alleges" that the individual is "obligated" to pay the debt. *Hedayati v. Perry L. Firm*, No. SACV160846DOCDFMX, 2017 WL 4864491, at *5 (C.D. Cal. Oct. 27, 2017). *See* 15 U.S.C. § 1692a(3). *Id.*

Here too, Plaintiff Michael Soto of Waianae, HI was "allegedly obligated" to owe the admittedly consumer debt. Defendants asserted he owed the debt in court filings [See Motion], in collection letters [see attached Exhibit L], when contacting his employer [Dkt. 45-5, Exhibit 5 to Second Amended Complaint], and when filing documents in court, for all to see, that the Michael Soto who works for Raising the Standard was subject to garnishment. See Defense's Request for Judicial Notice, Dkt. 82, 82-2.

Mr. Soto is thus a consumer under the FDCPA.

## TRAK is a "debt collector" under the FDCPA

The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debt. 15 U.S.C. 1692a(6). A party need not be directly involved with the consumer to be a debt collector under the "principal purpose" prong of the definition of debt collector under the FDCPA. See *McAdory v. M.N.S. & Assocs.*, 952 F.3d 1089 (9th Cir. 2020) (*McAdory*). How much of the company's revenue is derived from collecting debts can be dispositive. *Id.* Here, the record shows that all of TRAK's income is derived for collecting debts[2]; TRAK has no *raison d'etre* apart from collecting debts, it is a cog in a vast machine to collect money from marginal consumers.

TRAK, in this case, is the hub that allows Defendants' entire collection process to operate—all of the money and all of the information pass through TRAK up and down the chain. In this case, LVNV bought a defaulted debt and LVNV's captive servicer, Resurgent, hired TRAK as its agent. TRAK then hired Nelson and Kennard ("N&K") to help them all in collecting the debt. Ex. J, 13:22-23, 201:13-18. TRAK assigned the account to N&K "…using a placement file that contains the account data that goes to the law firm after receiving a placement from

---

[2] Ex. J, Trak Deposition 89:4-8, 89:19-91:7; 91:10-92:3; 92:4-92:7.

our client, Resurgent, in this case." Ex. J, 15:8-11. The law firms TRAK hires are hired to collect money. Ex. J, 103:22-24

Here, the evidence shows TRAK was involved in the collection. Resurgent's notes (RCS 0007 – RCS 0008) are asserted to be complete by its representative[3], but show neither any request for VPOE by Resurgent, nor Resurgent sending the account to RNN. Exhibit L, p. RCS 0007 – RCS 0008. The evidence demonstrates it was likely TRAK who hired RNN Group, and potentially even TRAK who singled out Plaintiff's place of employment. It was TRAK who sent the account to RNN Group to get the false information that the Debtor Michael Soto worked for Raising the Standard on October 22, 2021. See Exhibit K, p. 1.

TRAK updated the account score from "B" to "B VPOE" - Verified Place of Employment on May 4, 2021. *Id.* TRAK was directly involved in the acts and transactions that are the subject of this case. TRAK even hired N&K, who issued the garnishment and did not release it for over a year. Ex. J, 13:22-23.

Neither LVNV, nor Resurgent ever hired N&K. LVNV Depo. 62:8-12. LVNV and Resurgent have no direct communication and no contractual arrangement with N&K, except through TRAK. When asked, TRAK explained: "We communicate -- we pass data back and forth between Resurgent and Nelson & Kennard through data files that are sent through FTP." Ex. J, 14:4-7. "TRAK has a

---

[3] Ex. N, Resurgent Depo., 57:1-3, 58:6-8.

database that contains all of the data that's passed back and forth between Resurgent and Nelson & Kennard." *Id.* 14:9-11.

All money N&K collects for LVNV and Resurgent goes first to TRAK. Ex. J, 89:21 – 90:8. TRAK then applies the money to the account, which is held by LVNV. *Id.* A duty to collect the account flowed down from LVNV to Resurgent, through TRAK, and then to N&K.

## EVEN IF PASSIVE, TRAK IS STILL A DEBT COLLECTOR

The Ninth Circuit has made it clear that, whatever other purpose these convoluted arrangements might serve, they do not insulate the principal from liability for the agent's misdeeds, so long as the principal purpose of the principal is collecting debts. See *McAdory* 952 F.3d 1089. TRAK is a debt collector and N&K was its agent when it violated the Act. TRAK is a debt collector because its "principal purpose" is the collection of debts.

TRAK argues that because it has no contact with consumers, it cannot be considered a debt collector. The Ninth Circuit, following the Third, has rejected the TRAK's argument. *McAdory v. M.N.S. & Assocs.*, 952 F.3d 1089, 1093 (9th Cir. 2020); See *Barbato v. Greystone Alliance, LLC*, 916 F.3d 260 (3d Cir. 2019). In both *Greyston* and *McAdory*, the defendant argued that it was not a debt collector because it had hired a third party to interact with the consumers but had, itself,

taken no collection actions toward the consumer, so, therefore, it could not be held liable, even vicariously liable, under the FDCPA.

The defense argued in both *Greyston* and *McAdory*, as here, that "the collection of debt" in the principal purpose prong should be read as meaning that the defendant must engage in direct collection activities. *McAdory* at 1094. In *McAdory,* the Ninth Circuit disagreed, and held that it "decline[d] to read a direct interaction requirement into the principal purpose prong based on the phrase "the collection of any debts."" *Id.*

Instead of focusing on collection *activities*, it said "the relevant question in assessing a business's principal purpose is whether debt collection is incidental to the business's objectives or whether it is the business's dominant, or principal, objective." *Id.* at 1093. This question is not whether the company does, but rather what purpose the company serves and whether, even passively, the company *collects* debts. *Id.* "Collect", however, can be passive; the Court goes on to note, in its lengthy analysis of the text, that

> the fact that the FDCPA includes limits [elsewhere] on direct collection activities does not require the conclusion that Congress intended to regulate only those entities that directly interact with consumers. First, the text of the principal purpose prong contains no such limitation, ... *and* 'collection' by its very definition may be indirect, and that is the type of collection in which [the defendant] engages...

*Id* at 1095. Here, TRAK's principal purpose is collecting debts; it would not exist but for the debt collection industry.

*All* of TRAK's revenue comes from contingency fees on how much debt is collected. See Exhibit A – CSF, Ex. J, Trak Deposition 89:4-8, 89:19-91:7; 91:10-92:3; 92:4-92:7. See *McAdory v. M.N.S. & Assocs.*, No. 3:17-cv-00777-HZ, at *1 (D. Or. June 7, 2021) ("finding company which derived 85% of its income from debt collected on its behalf a debt collector under the principal purpose test"). The Defendant serves as a go-between between creditors seeking collection agencies and collection law firms. Ex. A, TRAK Deposition 20:3-20:13; 41:15-41:25; 47:20-48:10; 50:5-50:11; 62:11-62:13.

TRAK takes the account from Resurgent and then assigns it to its chosen attorney for collection. *Id.* at p. 24, ln. 1-11. TRAK is the agent of LVNV, and the principle of N&K. N&K is TRAK's "subcontractor vendor." *Id.* at p. 23, ln. 18-19. Resurgent, TRAK, and N&K are the surrogates/agents of LVNV. See attached Exhibits A & D; see also *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1261 (11th Cir. 2014).

TRAK, not its clients, has a contract with the collection firms. Ex. J, 50:2-50:24. All of the money the collection lawyers receive gets wired, not to the debt collector, but to TRAK, which passes it on to the collector. Ex. A/J, TRAk Deposition 89:19 – 91:7. All communications from collector to law firm and law

firm to collector pass through TRAK. TRAK then gets paid a percentage of the amounts collected by its attorney network. Ex. J., 89:4-8.

As explained in Plaintiff's Motion for Partial Summary Judgment (Doc. 86), incorporated here by reference, Defendants are debt collectors with cascading principal-agent relationships. Like its' co-conspirators, TRAK's primary purpose is the collection of debt and did engage in collection efforts against Mr. Soto. TRAK is a "debt collector" under the FDCPA.

### **LVNV Funding, LLC is a "debt collector" under the FDCPA**

LVNV Funding is the head of the hydra. LVNV and Resurgent are in the same building. Exhibit M, LVNV depo, 60:15-16. Resurgent, TRAK, and N&K do LVNV's bidding in the collection of this debt. LVNV's corporate representative admitted to it: Defendant Resurgent is LVNV's "master servicer and attorney in fact" which manages all of LVNV's accounts. Ex. A, p. 6, ln. 8-10. LVNV asserts that TRAK is the servicer <u>of the debt</u>. *Id.* at p. 48, ln. 17(emphasis added). And that Defendant N&K is the sub servicer of the debt. *Id.*

LVNV acknowledges courts have determined it is a debt collector, but argues it is not a debt collector "as it pertains to Plaintiff." Dkt. 90, p. 8. However, in its deposition, LVNV admits that the original debt was owned by Credit One (Ex. M, 54:19-54:20), that it is a debt buyer (Ex. M, 7:3-7:4), and that it only buys

defaulted or charged-off debts (Ex. M, 22:9-22:13). LVNV then has Resurgent service and collect all of its debts.

In this case, Resurgent hired TRAK, who then hired N&K to do the in-person collecting. So, all LVNV does is hold defaulted debts and then collect money from those defaulted debts? That's all LVNV claims it has ever done. There is nothing special about this case. LVNV is doing exactly what it was doing in the exhaustive list of cases wherein Courts found it to be a debt collector.

LVNV cannot in good faith deny it is a debt collector in this instance. When asked about the state court complaint, LVNV explained that it filed the lawsuit against Michael Soto:

> [I]s this the lawsuit that LVNV filed against Michael Soto?
> A. Yes.
> Q. And LVNV was the plaintiff, and Michael Soto was the defendant, correct?
> A. Yes.
> Q. At that time, it looks like the case was filed on November 29th, 2020, was this money owed to LVNV Funding by Mr. Michael Soto?
> A. Yes.
> Q. And was the original creditor there Credit One Bank? A. Yes.

Ex. M, LVNV Depo., 54:9-20.

LVNV alleged that Mr. Soto owed $839.33 as of September 30th, 2022. *Id.* at 55:13-15. Hoping to overturn or distinguish the plethora of cases cited in Plaintiff's brief, LVNV now argues it is on par with Santander Consumer USA, an original lender. LVNV doesn't lend to anyone. LVNV doesn't do anything but

collect on charged-off debts. LVNV claims to only have been working as a "judgment-creditor"[4] in connection with the account. Dkt. 90, p. 9.

Interestingly, LVNV then claims that "LVNV engaged N&K to act as its legal counsel" *Id.* But how could that be since TRAK claims it holds all contracts up and down the chain. If true, LVNV is directly engaged in debt collection activity by hiring a lawyer to collect the charged off debt it purchased, and is responsible for the acts of its attorney agent. If false, LVNV was still working under its principal purpose of collecting the charged-off consumer debt through its three agents. Either way, LVNV is the principal and a "debt collector" under the FDCPA. See 15 U.S.C. 1692a(6).

LVNV's principal purpose is collecting debts. It offers no material fact to the contrary.

DATED: Honolulu, Hawaii, October 11, 2024.

                                                        */s/ Justin A. Brackett*
                                                        Justin A. Brackett, Esq.
                                                        *Attorney for Plaintiff*

---

[4] That may be so, but it does not make LVNV an "original creditor", so to our purposes, that is a distinction without a difference. LVNV buys charged off debts and only charged off debts, and then makes money collecting them.